IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2016 MAR 15  PM 4: 23
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| GERARDO HERNANDEZ, §<br>Plaintiff, §<br>v. §<br>§<br>CAROLYN W. COLVIN,[1] §<br>Acting Commissioner of Social Security §<br>Administration, §<br>Defendant. § | NO. EP-14-CV-0391-DCG<br>(-LS by consent) |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was referred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C of the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

### BACKGROUND

Plaintiff was born in March of 1956, attended school through the ninth grade, and can

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

communicate in English. (R:30, 103, 122)[2] After working as a parking lot attendant for thirteen years, Plaintiff discontinued working in December of 2011 due to his medical conditions. (R:30, 123)

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and

2. Whether the Commissioner applied an incorrect legal standard in determining that Plaintiff was not disabled.

Plaintiff contends that the Administrative Law Judge's (ALJ) residual functional capacity (RFC) determination is not supported by substantial evidence because she failed to properly consider Plaintiff's limitations caused by his osteoarthritis, especially his problems standing and/or walking. Plaintiff contends that the case should be reversed, or in the alternative, remanded for further administrative proceedings.

## PROCEDURAL HISTORY

On January 12, 2012, Plaintiff filed an application for DIB benefits, with an alleged onset date of December 22, 2011, due to diabetes, asthma, arthritis, hypertension, and high cholesterol. (R:46, 51, 103) His application was denied initially and upon reconsideration. (R:46, 51) Upon Plaintiff's written request for a hearing, an administrative hearing was held on April 24, 2013. (R:28-41) The ALJ issued a decision on June 7, 2013, finding Plaintiff not disabled, and denying benefits. (R:12-20) The Appeals Council denied Plaintiff's request for review on July 29, 2014. (R:2-6)

---

[2]Reference to the Administrative Record, contained in Docket Entry Number 15, is designated by an "R" followed by the page number(s).

Plaintiff filed the instant cause on October 22, 2014. [ECF Nos. 1, 5] Defendant filed an answer and transcript of the administrative proceedings on January 6, 2015. [ECF Nos. 13, 15] Plaintiff filed a brief in support of his claims on March 9, 2015. [ECF No. 20] On March 25, 2015, Defendant filed a brief in support of the Commissioner's decision denying benefits. [ECF No. 21] This case was transferred to United States Magistrate Judge Leon Schydlower on December 8, 2015. [ECF No. 22]

## DISCUSSION

### I. STANDARD OF REVIEW

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II. EVALUATION PROCESS

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520.

The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant can perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520. However, if the claimant has shown he cannot perform his previous work, the burden shifts to the Commissioner to show that there is other work available that the claimant can perform. *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999). If the Commissioner establishes other potential employment, the burden shifts back to the claimant to prove he is unable to perform the alternative work. *Id.*

A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis. *Leggett*, 67 F.3d at 564. The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commission made an error of law. *Id.*

## III. THE ALJ'S DECISION

At step one of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 22, 2011, the alleged onset date. (R:14) At step two, the

ALJ found that Plaintiff had severe impairments of: diabetes mellitus, hypertension, and osteoarthritis. (R:14) However, at step three, the ALJ found that none of his impairments met or equaled the listing of impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R:15) The ALJ next determined that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. § 404.1567(b),[3] except that he could occasionally climb and stoop. (R:16)

At step four, based upon vocational expertt ("VE") testimony, the ALJ determined that an individual with Plaintiff's RFC could perform Plaintiff's past relevant work as a parking lot attendant, as it is normally performed. (R:19, 39) The ALJ concluded that Plaintiff was not disabled from his alleged onset date through the date of the ALJ's decision. (R:20)

## IV. THE ALJ'S RESIDUAL FUNCTIONAL CAPACITY DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff asserts that the ALJ erred in determining his residual functioning capacity by failing to accommodate the limitations caused by his osteoarthritis, particularly as they relate to his ability to stand and/or walk. He claims that he is unable to perform the six-hour standing/walking requirement of light work. The Defendant responds that substantial evidence supports the decision of the ALJ, and that the ALJ appropriately discounted Plaintiff's subjective statements.

Residual functional capacity ("RFC") is the most an individual can still do despite his

---

[3]Light work is defined as work that involves "lifting no more than 20 pounds at a time and frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b). The full range of light work involves "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling (SSR) 83-10.

limitations. 20 C.F.R. § 404.1545. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the plaintiff's abilities despite his physical and mental limitations. *Perez v. Barnhart*, 415 F.3d 457, 461-62 (5th Cir. 2005); *see also* 20 C.F.R. § 404.1545(a). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).

Further, the mere presence of an impairment is not disabling per se. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Rather, it is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(c), 416.912(c). His own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

Plaintiff claims that he is unable to stand or walk for the periods required for light work. As support for his claim, he states that pain related to his hips, joints, and back, caused by his osteoarthritis, prevent him from performing the standing and walking requirements of light work. In response, the Defendant argues that substantial evidence, including the consulting and reviewing physicians' opinions, Plaintiff's conservative treatment, and his reported activities of daily living, support the ALJ's RFC determination.

Treatment records from December of 2011 through March of 2013 reflect that Plaintiff was negative for bone/joint symptoms, weakness, gait disturbance, and fatigue. (R:455-96) Physical examination showed him in no apparent distress, except for a follow-up visit for shingles in January

of 2013 when he appeared in mild distress. (R:489) His musculature was normal, with no skeletal tenderness or joint deformity, and his extremities appeared normal. In March 2013, upon examination, a nurse practitioner assessed him as having no physical limitations other than weight and age. (R:495) In April 2013, he was again noted as negative for gait disturbance, weakness, and fatigue. (R:497-502) Physical examination showed full range of motion in the right hip and right knee, and tenderness and mild pain with motion in the left hip and left knee. (R:500). He appeared in no acute distress, and his extremities appeared normal. (R:500)

In February 2011, an MRI of Plaintiff's lumbar spine showed evidence of multisegmental degenerative discopathic changes and early lumbosacral spondylosis, but showed no concomitant spinal canal stenosis, neuroforaminal stenosis, or mechanical compression of the nerve roots. (R:284) Hip x-rays in January 2011, and a pelvic MRI in May 2011, were normal. (R:213, 221-22)

A consultative examination was performed on March 26, 2012, by Dr. Douglas Payne. (R:226-31) Dr. Payne assessed Plaintiff for problems with diabetes, asthma, hypertension, and arthritis. Plaintiff reported having problems with performing daily living activities that involved prolonged standing or lifting. Dr. Payne noted decreased sensation of mild severity in both of Plaintiff's feet. He found Plaintiff's physical examination to be fairly unremarkable except for diffuse weakness that appeared to reflect poor effort. Dr. Payne further noted that Plaintiff's left foot had significant tenderness, but was otherwise normal on examination. An MRI of the left foot showed severe osteoarthritis, spurring, and a prior fracture. Dr. Payne opined that these conditions would likely cause significant pain during walking or standing.

Plaintiff's treating physician, Dr. Angela Jones-Allen, completed a Medical Source Statement on April 26, 2013. (R:615-18) She found that Plaintiff could lift or carry 20 pounds occasionally, 10

pounds frequently, stand or walk less than two hours in an 8-hour workday, sit less than six hours, and occasionally balance. She determined that Plaintiff's persistent left hip pain and low back pain affected his ability to stand, walk, sit, kneel, crawl, and stoop, and that his asthma caused shortness of breath when walking long distances. In June of 2012, Dr. Jones-Allen completed a statement for Plaintiff's application for a Housing Rehabilitation Loan, assessed him with chronic persistent left hip pain, and indicated that he was prone to falling. (R:246-47)

A Physical Residual Functional Capacity Assessment was completed on April 19, 2012, by state-agency medical consultant Laurence Ligon. (R:234-41) He found that Plaintiff could lift or carry up to 20 pounds occasionally and 10 pounds frequently, could stand or walk about 6 hours in an 8-hour workday, could frequently balance, kneel, crouch, and crawl, and occasionally climb and stoop. Upon review of the evidence, he determined that Plaintiff's alleged limitations were not fully supported. Dr. Ligon's assessment was affirmed by Dr. Roberta Herman, another state agency medical consultant, on June 25, 2012. (R:278)

In a Function Report dated January 30, 2012, Plaintiff stated that he could prepare simple meals like sandwiches and could do light chores such as washing dishes. He indicated that he has difficulty with personal care, such as dressing and bathing, due to pain. He could drive a car, but did not go out often. Because of pain, he has difficulty carrying, lifting, bending, walking, and standing. Also, he cannot stay in one position for long periods of time. He further indicated that he could walk about one block before needing to stop and rest. (R:134-41)

At the administrative hearing on April 24, 2013, Plaintiff testified that he has trouble standing for long periods of time, feels tired and dizzy, has headaches, and has pain in his joints, especially his feet. (R:31, 32, 35) He also claimed numbness and tingling in his feet and hands. (R:35) When

asked about his daily activities, he testified that he showers, prepares breakfast, reads, does puzzles, and tries to go to church every Sunday. (R:32, 33) His wife does the cooking, cleaning, laundry, dishes, and shopping. (R:32) He sometimes drives to pick up his grandchildren. (R:33) He further stated that he could walk 2 blocks, could stand 20 minutes, sit for 20 minutes, and lift 20 pounds. (R:34) He takes medication for his asthma and diabetes, but has side effects from the medication, including nausea, dizziness, and stomach pain. (R:35)

Based upon review of the testimony and record evidence, the ALJ found that Plaintiff's alleged limitations were not entirely credible. (R:16-17) She further found Plaintiff's alleged limitations unsupported by the objective medical evidence. (R:19) First, the ALJ found that Plaintiff's failure to fully comply with treatment recommendations that could improve his medical conditions, particularly his diabetes and hypertension, detracted from his credibility. On several occasions, the medical notations reflected instances of non-compliance with treatment recommendations. (R:455, 484, 490) Also, the ALJ noted that Dr. Payne's finding of diffuse weakness appeared to reflect poor effort by Plaintiff. (R:230)

The ALJ determined that the medical records did not support limitations on Plaintiff's ability to stand or walk, to the extent found by Dr. Jones-Allen. The record shows that Plaintiff had generally normal musculature from the date of onset to April 2013, when Plaintiff reported mild pain upon motion. The ALJ also concluded that Dr. Jones-Allen's finding that Plaintiff was prone to falling was not supported elsewhere in the record. There are no other reports of Plaintiff falling or being prone to falls. Moreover, the hip x-rays and pelvic MRI indicated normal results.

Review of the record evidence fails to demonstrate limitations on Plaintiff's ability to stand or walk to the extent alleged by Plaintiff, or beyond those assessed by the ALJ. Plaintiff's allegations

of functional loss are based primarily on his own subjective reports, rather than objective findings. By limiting plaintiff to light work with limited climbing and stooping, the ALJ sufficiently accommodated Plaintiff's impairments and limitations.

It is apparent from the ALJ's decision that she considered the entire record and evaluated the evidence. She considered any functional limitations attributed to Plaintiff's conditions by the physicians, and incorporated such limitations into her RFC determination. The evidence fails to show that the limiting effects of Plaintiff's impairments are greater than those assessed by the ALJ in her RFC determination.

In making her determinations, the ALJ assessed Plaintiff's credibility and subjective complaints of pain. It was within the ALJ's broad discretion to weigh the evidence and make credibility determinations. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ considered the medical evidence as well as Plaintiff's testimony. Based upon her review of the evidence, the ALJ determined that Plaintiff was not as limited as he claimed. Such decision was within the ALJ's discretion and is supported by the evidence.

Accordingly, based upon a review of the evidence, the Court finds that the ALJ's RFC determination comports with relevant legal standards and is supported by substantial evidence. Therefore, Plaintiff's assertions of error are without merit.

## **CONCLUSION**

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

SIGNED and ENTERED on March 15, 2016.

                                                        LEON SCHYDLOWER
                                                        United States Magistrate Judge